UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SENTRY INSURANCE, a mutual company,<br><br>              Plaintiff,<br><br>      v.<br><br>DOUBLE L, INC.; SALVADOR NAVARRO; MARIA DE LOS ANGELES; and DOES 1 through 10, inclusive,<br><br>              Defendants. | NO. CV-11-0020-EFS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

On October 11, 2011, a hearing occurred in the above-captioned matter. Bradley Smith and Mark Inbody appeared on Plaintiff Sentry Insurance's ("Sentry") behalf. Defendant Double L, Inc. was represented by John Bailey, Jr.; Bryce McPartland appeared on behalf of Defendants Salvador Navarro and Maria de Los Angeles. Before the Court was Sentry's Motion for Partial Summary Judgment, ECF No. 20, which asks the Court to declare that Sentry is not obligated to defend or indemnify Double L, Inc. in a lawsuit filed by Mr. Navarro and Ms. de Los Angeles (hereafter referred to as the "underlying lawsuit"). Double L, Inc. opposes the motion. After reviewing the submitted material, hearing from counsel, and considering the relevant authority, the Court is fully informed and, for the reasons given below, grants Sentry's motion: Sentry has neither a duty to defend nor indemnify Double L, Inc.

ORDER * 1

**A. Factual Background**[1]

Double L, Inc. was a farm equipment manufacturer. In 2006, Apache River, LLC ("Apache River") purchased Double L, Inc.'s assets, including inventory, work in progress, and goodwill. The purchase was memorialized through an October 31, 2006 Purchase Agreement, which contains "save harmless" and "indemnification" provisions, but does not require Apache River to name Double L, Inc. as a named insured on its insurance policy with Sentry (or another insurer). After this asset purchase, Apache River conducted business under the name Double L while Double L, Inc. continued to remain a corporation in good standing in Idaho.

In 2009, Mr. Navarro was paralyzed after a part of a potato bin piler manufactured in 2000 by Double L, Inc. fell on him. Mr. Navarro and his wife filed the underlying lawsuit against Double L, Inc., Apache River, and other businesses. *See Navarro v. Double L, Inc.*, No-CV-09-394-JPH. In the underlying lawsuit, Sentry is defending both Double L, Inc. and its named insured Apache River under a reservation of rights. Sentry filed this action to seek a declaration that it owes Double L, Inc. neither a duty to defend nor indemnify.

**B. Summary Judgment Standard**

Summary judgment is appropriate if the record establishes "no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party opposing

---

[1] The facts are not disputed; therefore, this factual statement is based on Sentry's statement of facts, ECF No. 22, and the submitted declarations. The Court also takes judicial notice of the documents attached to ECF No. 23. Fed. R. Evid. 201.

ORDER * 2

summary judgment must point to specific facts establishing a genuine issue of material fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion. *Celotex Corp.*, 477 U.S. at 322.

**C. Analysis**

The parties dispute whether Double L, Inc. is an insured under the policy. To resolve this issue, the Court turns to Idaho law.[2]

Idaho law provides, "every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended or modified by any rider, endorsement or application lawfully made a part of the policy." Idaho Code § 41-1822

---

[2] As a federal district court having subject matter jurisdiction over this lawsuit based on diversity of citizenship, the Court applies the law of the forum state, i.e., Washington, to determine which state's substantive law to apply. *See Patton v. Cox*, 276 F.3d 493, 495 (9th Cir. 2002) (holding that federal courts sitting in diversity must apply the forum state's choice-of-law rules to determine the controlling substantive law). Washington courts utilize the substantive law of the state with the most significant relationship to the transaction; here, the parties agree that is Idaho. *See Dairyland Ins. Co. v. State Farm Mut. Auto Ins. Co.*, 41 Wn. App. 26, 31 (1985) (setting forth the factors to consider).

ORDER * 3

(2010); *Selkirk Seed Co. v. State Ins. Fund*, 135 Idaho 434, 437 (2000) (requiring the court to construe an insurance policy "as a whole, not by an isolated phrase"). An insurance policy's language governs if it is clear and unambiguous. *Hammon v. Farmers Ins. Co. of Idaho*, 109 Idaho 286 (1985). Policy language is construed in the "light most favorable to the insured and in a manner which will provide full coverage for the indicated risks rather than to narrow its protection." *Smith v. O/P Transp.*, 128 Idaho 697, 700 (1996). The court is tasked with interpreting and giving legal effect to an unambiguous contract. *Luzar v. W. Sur. Co.*, 107 Idaho 693, 697 (1984).

Consistent with the following policy provision, the parties acknowledge that Sentry owes the *insured* both a duty to defend and a duty to indemnify:

> We will pay those sums that the *insured* becomes legally obligated to pay as damages because of "bodily injury" or "property damage" included within the "products-completed operations hazard" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, "we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

ECF No. 1-2 at 32 (emphasis added); *see also Cnty. of Kootenai v. W. Cas. & Sur. Co*, 113 Idaho 908, 910 (recognizing the duty to defend and duty to indemnify are separate duties). The dispute is whether Double L, Inc. is an *insured* to whom Sentry owes these duties.

First, the Court notes that Apache River is the named insured, and there are no policy endorsements that explicitly add Double L, Inc. as a named insured. Therefore, the Court turns to section II of the policy, which defines "who is an insured." For a limited liability company, such

ORDER * 4

as Apache River, section II states that for a "limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as managers." ECF No. 1-2 at 39. Double L, Inc. is neither a member nor a manager of Apache River; therefore, these provisions are not satisfied.

Section II also states that the insured's employees, real estate manager, temporary custodian of property, and legal representative following death may be an insured. There is no assertion that these provisions apply.

The Court concludes the remaining language of Section II requires a finding that Double L, Inc. is not an insured under the policy:

> 3. Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no similar insurance available to that organization. However:
>    a. Coverage under this provision is *afforded only until the 90th day after you acquire* or form the organization or the end of the policy period, whichever is earlier; and
>    b. Coverage does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization.
>
> No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured on the Declarations.

ECF No. 1-2 at 40 (emphasis added). Even if Double L, Inc. is considered an organization that Apache River acquired and over which Apache River maintained ownership or a majority interest, it is undisputed that Double L, Inc. was "acquired" more than ninety days before Mr. Navarro's injury in 2009: the asset sale occurred in 2006.

ORDER ~ 5

Regardless of whether the piler that allegedly caused the injury to Mr. Navarro is an "insured's product[]," Double L, Inc. is not an insured under the policy. Simply stated, based on the policy language, Double L, Inc. is not an insured to whom Sentry owes a duty to defend or indemnify.

**D.  Conclusion**

For the reasons given above, **IT IS HEREBY ORDERED**: Sentry's Motion for Partial Summary Judgment, **ECF No. 20**, is **GRANTED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this   14th   day of October 2011.

                    s/Edward F. Shea
                    EDWARD F. SHEA
               United States District Judge

Q:\Civil\2011\0020.mpsj.contract.lc1.wpd

ORDER * 6